**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Satish SHETTY, Defendant—Appellant.**

**No. 05–50011.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Filed Feb. 28, 2006.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Robert Gannon, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff-Appellee.

Victor Sherman, Esq., Sherman & Sherman, Robert J. Waters, Esq., Nasatir Hirsch Podberesky & Genego, Santa Monica, CA, for Defendant-Appellant.

Before: B. FLETCHER and CALLAHAN, Circuit Judges, and

ENGLAND, District Judge *

MEMORANDUM **

Following his conditional guilty plea to one count of bank fraud, in violation of 18 U.S.C. § 1344, and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), the appellant challenges the district court's denial of his motion to suppress evidence from certain business documents obtained by private parties and turned over to law enforcement agents.[1] He specifically contends that the private parties stole the documents and their actions constituted a governmental search in violation of the Fourth Amendment.

We review de novo the district court's denial of the appellant's suppression motion. *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir.2004) (en banc). The district court's factual findings underlying the denial of the motion are reviewed for clear error. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir.2004). The appellant has the burden of establishing government involvement in a private search. *United States v. Snowadzki*, 723 F.2d 1427, 1429 (9th Cir.1984).

Here, even if we were to assume that the documents were stolen, the appellant has failed to show that the government acquiesced in the alleged theft. There is no evidence in the record that the government was in any way involved with or had prior knowledge of any search conducted by the private parties. The government's mere use of documents improperly obtained by a private party does not offend the Fourth Amendment. Indeed, this court has held that " 'once a private search

is completed, the subsequent involvement of government agents does not retroactively transform the original intrusion into a government search.' " *United States v. Veatch*, 674 F.2d 1217, 1222 (9th Cir.1982) (quoting *United States v. Sherwin*, 539 F.2d 1, 6 (9th Cir.1976) (en banc)). Accordingly, the appellant's conviction, sentence, and the denial of his suppression motion are

**AFFIRMED.**

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We do not give a full recitation of the facts because the parties are already familiar with them.